UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61640-CIV-HUCK/O'SULLIVAN

LOUIS VUITTON MALLETIER, S.A.,

          Plaintiff,

vs.

KEY LIN and DOES 1-10,

          Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Plaintiff's Motion for Order to Show Cause Why Defendant Lin Should Not Be Held in Civil Contempt and Sanctioned (DE # 42, 1/21/11), the undersigned's Order to Show Cause (DE # 50, 2/14/11) and following a Show Cause hearing held before the undersigned on March 9, 2011. For the reasons stated on the record and herein, the undersigned respectfully recommends that the Plaintiff's Motion for Sanctions be GRANTED and that the Court enter an Order finding Key Lin in civil contempt of the November 30, 2010, Order (DE# 40).

## BACKGROUND

On November 30, 2010, this Court entered a Final Default Judgment in favor of Louis Vuitton and against the defendant, Key Lin, (hereinafter "Lin" or "defendant") on all counts of the Complaint, and issued a Permanent Injunction enjoining the defendant, *inter alia*, from manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing selling, or offering to sell counterfeit and infringing goods using the Louis Vuitton marks and from falsely representing himself as being connected with Louis Vuitton through sponsorship or association (DE # 40). Additionally, the Permanent Injunction enjoined the defendant from engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the defendant offered for sale or sold via

the Subject Domain Names and/or any other website or business are in any way endorsed by, approved by, and/or associated with the plaintiff. As part of the Permanent Injunction, this Court ordered the Subject Domain Names of the defendant's websites to be transferred by the defendant and the Registrar to Louis Vuitton's control.

On March 9, 2011, the undersigned held a show cause hearing pursuant to Plaintiff's Motion for Order to Show Cause Why Defendant Lin Should Not Be Held in Civil Contempt and Sanctioned. Lin failed to appear for the show cause hearing. At the hearing, the plaintiff indicated that the defendant has ignored this Court's Permanent Injunction and has refused to cease his unlawful activities. See Declarations of Nikolay Livadkin (DE # 42-7, 1/21/11 and DE # 54-2, 2/17/11) and Stephen Gaffigan (DE # 42-1, 1/21/11 and DE # 54-1, 2/17/11). The evidence reveals that the defendant continues to counterfeit and infringe the Louis Vuitton Marks by using additional Internet websites to advertise and offer for sale products bearing the Louis Vuitton Marks. The undersigned finds that the defendant is continuing to unlawfully use counterfeits of the Louis Vuitton Marks in commerce to promote a wide variety of goods via additional Internet websites in violation of this Court's Permanent Injunction. There is sufficient evidence to show that Lin has violated the Order and likely will continue to violate the Order.

## ANALYSIS

A district court's power to find a party in civil contempt for disobeying court orders stems from its inherent power to enforce compliance with its lawful orders. Citronelle-Mobile Gaterhin, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991). "A finding of civil contempt – willful disregard of the authority of the court – must be supported by clear and convincing evidence." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1296 (11th Cir. 2002). Civil contempt is appropriate upon a finding that: "(1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." Riccard, 307 F.3d at 1296. "Once it has been shown that a violation of the order has

occurred, the burden shifts to the contemnor to demonstrate an impossibility of compliance." In re Lawrence, 279 F.3d 1294, 1299 (11th Cir. 2002). The Eleventh Circuit has made clear that "[d]istrict courts have broad discretion in fashioning civil contempt sanctions." Howard Johnson Co., Inc. v. Khimani, 892 F.2d 1512, 1519 (11th Cir. 1990). Generally, sanctions for civil contempt serve two purposes: (1) to coerce the contemnor into compliance with the Court's order; and (2) to compensate the complainant for losses sustained as a result of the contumacious behavior. United States v. United Mine Workers, 330 U.S. 258, 303-04 (1947).

Additionally, Courts have continuing jurisdiction over the modification of injunctive relief. Pursuant to its continuing jurisdiction, the court may modify an injunction "to impose more stringent requirements on the defendant when "the original purposes of the injunction are not being fulfilled in any material respect." Exxon Corp. v. Texas Motor Exchange of Houston, Inc., 628 F.2d 500, 503 (5th Cir. 1980).

In the instant case, the undersigned finds that the November 30, 2010 Order (DE# 40) granting a Permanent Injunction is valid and lawful, that the Order is clear and unambiguous, and that Lin has the ability to comply with the Order. Riccard, 307 F.3d at 1296. Lin failed to appear for the show cause hearing. There is sufficient evidence in the Declarations of Nikolay Livadkin (DE # 42-7, 1/21/11 and DE # 54-2, 2/17/11) and Stephen Gaffigan (DE # 42-1, 1/21/11 and DE # 54-1, 2/17/11) to show that Lin has violated the Order and likely will continue to violate the Order. Exxon Corp., 628 F.2d at 503. The sanction requested against Lin is specifically tailored to obtain Lin's' compliance with the Court's prior Order. Accordingly, the undersigned respectfully recommends that the defendant, Key Lin, be found in civil contempt, and that the Court enter the plaintiff's proposed Contempt Order.

## RECOMMENDATION

In accordance with the foregoing Report and Recommendation, it is respectfully **RECOMMENDED** that the Plaintiff's Motion for Sanctions (DE # 42, 1/21/11) be GRANTED in

accordance with this Report and Recommendation and that the defendant, Key Lin, be found in civil contempt, and that the proposed Contempt Order be entered.

The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Judge. Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S. Ct. 397 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).   It is further

ORDERED AND ADJUDGED that the plaintiff shall serve this Report and Recommendation on the defendant, Key Lin.

RESPECTFULLY SUBMITTED at the United States Courthouse in Miami, Florida, this **17th** day of March, 2011.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Judge Huck
All counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 10-61640-CIV-HUCK

LOUIS VUITTON MALLETIER, S.A.,

    Plaintiff,

v.

KEY LIN and DOES 1-10,

    Defendants.

_____/

## ORDER HOLDING DEFENDANT IN CONTEMPT OF COURT

THIS CAUSE came before the Court upon Plaintiff, Louis Vuitton Malletier, S.A.'s ("Plaintiff" or "Louis Vuitton") Motion for Order to Show Cause Why Defendant Key Lin Should Not be Held in Civil Contempt and Sanctioned (D.E. 42). On November 30, 2010, the Court entered Final Default Judgment against Defendant Key Lin ("Defendant" or "Lin"), and issued a Permanent Injunction prohibiting Defendant from, *inter alia*, committing further acts of infringement and unfair competition against Louis Vuitton. *See Final Default Judgment and Permanent Injunction* (D.E. 40). On February 14, 2011, the Court issued an Order directing Defendant to appear before the Court and to show cause, if any, why he should not be held in contempt for failure to adhere to the Court's November 30, 2010 Order (DE 50). On March 9, 2011, the Court conducted a hearing on the Order to Show Cause and Defendant failed to appear or otherwise communicate with the Court to provide an explanation for his failure to comply with the Court's November 30, 2010 Order.

Accordingly, the Court finds Defendant Key Lin in contempt of this Court for his failure to appear and for his failure to comply with its November 30, 2010 Order.

As a result of Defendant Key Lin's contempt, the Court enters the following sanctions:

(1) The domain names identified on Schedule "A" hereto (the "Additional Domain Names") are hereby ordered to be immediately transferred by Defendant, his assignees and/or successors in interest or title, and the Registrars to Plaintiff's control. To the extent the current Registrars do not facilitate the transfer of the domain names to Plaintiff's control within ten (10) days of receipt of this judgment, the top level domain (TLD) Registries shall, within thirty (30) days, transfer the Additional Domain Names to a United States based Registrar of Plaintiff's choosing, and that Registrar shall transfer the Additional Domain Names to Plaintiff;

(2) Upon Plaintiff's request, the TLD Registry for each of the Additional Domain Names, within thirty (30) days of receipt of this Order, shall place the Additional Domain Names on Registry Hold status for the life of the current registration, thus removing them from the TLD zone files maintained by the Registry which link the Additional Domain Names to the IP addresses where the associated websites are hosted;

(3) Upon Plaintiff's request, the Internet Corporation for Assigned Names and Numbers ("ICANN") shall take all actions necessary to ensure that the top level domain Registries responsible for the Additional Domain Names transfer and/or disable the Additional Domain Names;

(4) As Plaintiff discovers new domains, registered by Defendant, containing Plaintiff's trademarks or trademarks confusingly similar thereto, and/or used in conjunction with the sale of counterfeit goods (whether or not such new domains contain Plaintiff's trademarks) ("New Domain Names"), Plaintiff shall provide notice of this Order to the domain name registrars and the registries which maintain the registration TLD Zone Files for the New Domains:

    a. The top-level domain (TLD) Registries for the New Domain Names, within five (5) days of receipt of this Order shall change the registrar of record for the New Domain Names to a holding account with the United States based Registrar Go Daddy.com, Inc. Upon transfer of the New Domain Names into the holding account, Go Daddy.com, Inc. will hold the New Domain Names in trust for the Court. Additionally, GoDaddy.com, Inc. shall immediately update the Domain Name System ("DNS") data it maintains for the New Domain Names, which links the domain names to the IP addresses where their associated websites are hosted, to NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which will cause the domain names to resolve to the website where a copy of this Order shall be displayed. Alternatively, Go Daddy.com, Inc. may institute a domain name forwarding which will automatically redirect any visitor to the New Domain Names to the following Uniform Resource Locator ("URL") http://servingnotice.com/lin/index.html whereon a copy of this Order shall be displayed. After Go Daddy.com, Inc. has effected

2

this change the New Domain Names shall be placed on Lock status, preventing the modification or deletion of the domains by the registrar or the Defendant;

b. Within five (5) days after any New Domains are transferred to Go Daddy, Inc., Plaintiff shall serve this Order by email or other reasonable means to the contact information associated with that domain name in the WHOIS database, containing a notification that the New Domains have been transferred pursuant to this Order;

c. After ten (10) business days following the service of this Order pursuant to (5)(b), the registries and/or Go Daddy, Inc. shall transfer the New Domain Names to the ownership and control of Plaintiff;

d. Within five (5) days of providing notice of any New Domain Names to a TLD registry and requesting their transfer to Go Daddy, Inc.'s holding account as provided herein, Plaintiff shall provide the Court with an affidavit identifying all New Domain Names discovered and verifying those domains and/or associated websites are engaged in the promotion and/or sale of goods bearing counterfeits of Plaintiff's trademarks or are otherwise illegally using Plaintiff's trademarks;

e. In the event the TLD registry for any New Domain Name fails to transfer such domain name to Go Daddy, Inc.'s holding account as required under the terms of this Order, Plaintiff may provide notice of this Order to any third party providing services in connection with Defendant's websites, including without limitation Internet Service Providers, payment processors, search engine or ad-word service providers, as well as any parties delegating IP addresses and those service providers shall within five (5) days discontinue providing any services to any website operating under any of the New Domain Names and/or shall disable access to such websites to the extent they have the power or means to do so.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of _____ 2011.

_____
PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

3

## SCHEDULE "A"
## ADDITIONAL DOMAIN NAMES

1. bolsoslouisvuitton.net
2. louisvuittonamsterdam.org
3. louisvuittonaustralia.net
4. louisvuittonbagsireland.net
5. louisvuittonborsa.com
6. louisvuittoncanada.net
7. louisvuittoncanada.org
8. louisvuittonluxembourg.com
9. louisvuittonmontreal.com
10. louisvuittonmontreal.net
11. louisvuittonnewzealand.com
12. louisvuittonsacamain.com
13. louisvuittonshoesgreece.com
14. louisvuittonsingapore.net
15. louisvuittonsiteofficiel.net
16. louisvuittonsiteofficiel.org
17. louisvuittonsoldes.org
18. louisvuittonsuisse.net
19. louisvuittonsuomi.com
20. louisvuittonswitzerland.com
21. louisvuittontrainers.org
22. marcjacobsaustralia.org
23. sacamainlouisvuitton.org
24. sac-france.com
25. sacfrance.org
26. saclouisvuittonpaschere.net
27. saclouisvuittonsuisse.net
28. sacmarcjacobs.net
29. sacmarcjacobs.org
30. siteofficiellouisvuitton.com
31. taschenlouisvuitton.net
32. vuittonluxembourg.com
33. louisvuittondanmark.com
34. louisvuittondublin.com
35. louisvuittonlaukut.com
36. louisvuittonsverige.com
37. louisvuittontas.net
38. louisvuittonvesker.net
39. marcjacobssac.com
40. sacvuittonpascher.info
41. sacvuittonpascher.net
42. sacvuittonpascher.com
43. siteofficiellouisvuitton.net